**Order entered September 15, 2020**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00300-CR
## No. 05-20-00301-CR

**MIGUEL JOSE RIVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-11498-V & F16-29747-V**

## ORDER

Before the Court is appellant's September 4, 2020 motion to supplement the record. Appellant requests to supplement the record with material underlying State's Exhibit 16—a witness's curriculum vitae listing several pages of seminars and workshops which the witness had either attended or at which she had delivered lectures. Appellant contends that because the State cited the witness's participation in the events listed as the basis for her expertise, any seminar or workshop

materials became part of the exhibit and appellant is entitled to supplement the record with this additional material.

The record shows the State admitted into evidence for record purposes a "ten-page curriculum vitae" as State's Exhibit 16. The document filed in the appellate record as State's Exhibit 16 is a ten-page curriculum vitae. Appellant does not allege that any seminar or workshop documents were before the trial court. Nothing in the portion of the record appellant cites shows the trial court reviewed any seminar or workshop documents or even that such documents exist.

"While the record may be supplemented under the appellate rules if something has been omitted, the supplementation rules cannot be used to create new evidence." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004). Our review of the record is generally limited to the evidence that was before the trial court. *Id*. Because it does not appear that there is a dispute about what was considered at trial, but rather an attempt to supplement the reporter's record with documents that were not part of the trial court proceedings, we **DENY** appellant's motion to supplement the record.

After three extensions, appellant's brief was due on September 4, 2020. Appellant is **ORDERED** to file his brief on or before October 9, 2020.

/s/   BILL PEDERSEN, III
      JUSTICE